MORRIS et al. v. SEEBERGER, Collector.

(*Circuit Court, N. D. Illinois.* July 18, 1889.)

1. CUSTOMS DUTIES—CLASSIFICATION—PAVING TILES.
Hard-baked, hard-bodied, glazed tiles, which are used for hearths, wainscoting, and on the floors of vestibules, entrance halls, bath-rooms, and conservatories in private residences, and sometimes as a border in the floor of rooms, and which differ from the ordinary paving tile in that they are glazed, are assessable for duty at 20 per cent. *ad valorem*, under customs act March 3, 1883, Schedule B, cl. 7, as "paving tiles."

2. SAME.
Glazed tiles made of clay, Cornwall stone, and flint, which are made porous, and of a white or light-colored body, so as to more readily receive the glaze colors, and which are used for chimney fronts, and to some extent in hearths, and for borders in floors, and for vestibules and bath-rooms, are not "paving tiles," being too brittle in structure and soft in material for such purpose.

3. SAME—SKIRTING, MOULDING, AND SURFACE TILES.
So, also, glazed tiles of the same materials, which are of irregular shapes, some being in the form of an ogee moulding, others a longitudinal segment of a cylinder, and which are intended to take the place of wood base-boards and chair-rails, cannot be classed as "paving tiles," under the similitude clause, as they are manifestly intended for other purposes; nor are they manufactured articles not otherwise enumerated, as they clearly fall within the description of glazed earthenware not specially enumerated, under clause 4 of Schedule B.

At Law. Action to recover excess of customs duties.

*P. L. Shuman,* for plaintiffs.

*W. G. Ewing,* U. S. Dist. Atty., and *G. H. Harris,* Asst. U. S. Atty., for defendant.

BLODGETT, J. Plaintiffs imported into the port of Chicago a quantity of glazed tiles, skirting, moulding, and surbase tiles, which the collector classified and assessed for duty, a part thereof as decorated earthenware, under the second clause of Schedule B of the customs act of March 3, 1883, at 60 per centum *ad valorem*, and a part thereof as glazed earthenware, under the fourth clause of said Schedule B, at 55 per centum *ad valorem*. Plaintiffs protested against such classification and assessment for duty, insisting that said goods should have been assessed at a duty of 20 per cent. *ad valorem*, under the seventh clause of said Schedule B, as "paving tiles," and under section 2499 of said act, as most resembling paving tiles in the material of which composed, and

uses to which they were applied, and under section 2513 of said act, as articles manufactured, in whole or in part, not otherwise provided for; paid the duty under protest; appealed to the secretary of the treasury, by whom the action of the collector was affirmed; and brought this suit in apt time to recover the excess of duties so claimed to have been paid. The goods in question embrace three kinds of tiles, all of which are glazed: (1) A hard-baked, hard-bodied tile, the body being of a brown or brick color, which are used for hearths, and to some extent for wainscoting, and for the breast or front of fire-places, and on the floors of vestibules, entrance halls, bath-rooms, and conservatories in private residences. They are also laid sometimes as a border in the floor of rooms, around next to the base-board. (2) Glazed tiles made of clay, Cornwall stone, and flint, which gives them a white or light color, and makes a more porous and white or light-colored body, which more readily receives the glaze and colors applied thereto; and these, as the proof shows, are used for chimney fronts, and to some extent in hearths, and for borders in floors, and for floors in vestibules and bath-rooms. While they may be said to be hard-burned, they are not of as firm a texture as the hard-bodied brown tiles first mentioned, and are much more easily broken, and the glaze thereon much more readily cracked or defaced, by reason of the material being more porous, and not as strong. (3) Moulding tiles intended for bases around the sides of the room, to take the place of the ordinary base-board, and surbase and skirting tiles; the surbase and skirting tiles being also sometimes used for the edges of hearths, and to lay along on the floor as a trimming to the base-board tile, and also for chair-rail strips. Plaintiffs' contention is that all the flat glazed tiles in question are dutiable at 20 per cent. *ad valorem*, under the seventh clause of Schedule B, as "paving tiles," and that the moulding, skirting, and surbase tiles are also dutiable at 20 per cent. *ad valorem*, under the similitude clause of section 2499, as articles manufactured, in whole or in part, not otherwise enumerated under section 2513 of said act; and on this ground it is sought to recover by this suit the excess of the duties so assessed over 20 per cent. *ad valorem*.

The proof shows that there has been for many years a tile manufactured abroad, and imported to this country, and also manufactured in this country, made of earthy materials, with a plain, unglazed surface, the materials being pressed very hard and firmly together, and fired or burned so as to make them very hard, or what is known as "hard-baked," which are known in the trade as "paving tiles," and used quite extensively for floors in the vestibules of churches, and the halls and vestibules of public and private buildings; and the hard-baked, hard-bodied tiles now in question are made of the same material as such plain, unglazed paving tiles, and are in all respects similar to the plain, hard-bodied, hard-baked, unglazed tiles, except that the tiles in question, being glazed upon one side, will, when laid in the floor with the glazed side upwards, make a floor with a glazed surface. As has already been said, the white-bodied tiles are composed of different material, and made intentionally more porous, for the purpose of making them of dif-

ferent colors by means of the glazing; and the white body is found to receive and hold this colored glazing much more perfectly than the hard-burned tile before mentioned. It seems to me that the hard-bodied, hard-baked, glazed tile in question, while not so exclusively used for floors as the plain, unglazed tiles of which I have spoken, are, at the same time, so far susceptible of use, and have been applied to use in floors to such an extent, as to bring them fairly within the designation of "paving tiles." It is true that, probably, for public halls and buildings where there was much use, where they were walked upon without the interposition of a carpet or rugs, the glazing would soon be so far defaced as to make them undesirable for such a purpose; but for hearths and as borders for floors, where the main portion of the wear and service does not come, and in vestibules and bath-rooms, where they are protected by rugs, these tiles are without doubt used, and I can see no reason why they should not be considered as paving tiles, and classed with the unglazed tiles used for the same purpose.

The white-bodied tiles in question are so brittle in their structure, and are so soft in their material or composition, that it seems to me they could hardly be used on any floor where they were to receive any service; being so fragile and destructible as to make them of little value for such purpose. I think the burden of proof is clearly in favor of the conclusion that their main use is in wainscoting, and for the breasts of fire-places, and in positions where they do not receive any heavy service. I do not, therefore, think that they come within the designation of "paving-tiles," under the seventh clause of Schedule B.

The moulding, skirting, and surbase tiles are made of the same materials as the glazed paving tiles before mentioned, but they are of irregular shapes,—some of them being in the form of an ogee moulding; others, a longitudinal segment of a cylinder,—not adapted for or intended to be laid as floors, but intended to take the place of the wood base-boards and chair-rails in a room. They clearly are not paving tiles, and are manifestly intended for other uses than paving; so that their use does not entitle them to be classed as paving tiles, under the similitude clause. Nor are they manufactured articles not otherwise enumerated or provided for, so as to be admissible at 20 per cent. duty, under section 2513, as they clearly fall within the description of glazed earthenware not specially enumerated or provided for, under clause 4 of Schedule B, where the collector classed them. I am therefore of opinion that the collector erred in not classing the hard-bodied, hard-baked, brown tiles as "paving tiles," but that the white-bodied tiles, and the moulding, skirting, and surbase tiles, cannot be admitted at a duty of 20 per cent., either as paving tiles, or under the provisions of sections 2499 or 2513, as contended by plaintiffs. There will be a finding for the plaintiffs as to the hard-bodied, glazed tiles only.